IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Steven W. Oxendine,<br><br>    Petitioner,<br><br>v.<br><br>Warden of Evans Correctional Institution,<br><br><br>    Respondent. | Case No. 2:23-cv-00160-SAL-MGB<br><br><br><br>**ORDER** |

This matter is before the court for review of United States Magistrate Judge Mary Gordon Baker's October 22, 2024, Report and Recommendation, made pursuant to 28 U.S.C. § 636(b)(1)(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) (the "Report").  [ECF No. 56.]  The magistrate judge recommends the court dismiss petitioner Steven W. Oxendine's amended petition, ECF No. 32, as moot, or, alternatively, grant defendant Warden of Evans Correctional Institution's motion for summary judgment, ECF No. 40, and dismiss Oxendine's case with prejudice.  [*See* ECF No. 56.]  The magistrate judge also attached to the Report a notice advising Oxendine of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so.  *Id.* at 11.  The notice specifically warned Oxendine that if he did not timely file an objection to the Report then the court "need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Id.* (quoting *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005)).  The notice also warned Oxendine his "[f]ailure to timely file specific written objections to [the Report] will result in waiver of the right to appeal from a judgment of the District

Court based upon such Recommendation." *Id.* (internal citations omitted). Oxendine did not object or otherwise respond to the Report, and the time to do so has expired.

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of only those portions of the Report that have been specifically objected to, and the court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). As noted above, the court is not required to provide an explanation for adopting the Report if no party objects to the Report; instead, it must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond*, 416 F.3d at 315 (citing Fed. R. Civ. P. 72 advisory committee's note).

Having thoroughly reviewed the Report, the applicable law, and the record of this case in accordance with the above standard, the court finds no clear error, adopts the Report, ECF No. 56, and incorporates the Report by reference herein. The court thus **DISMISSES** Oxendine's Amended Complaint as **MOOT**.[1]

**IT IS SO ORDERED.**

Sherri A. Lydon

December 23, 2024                         Sherri A. Lydon
Columbia, South Carolina              United States District Judge

---

[1] Even if Oxendine's Amended Complaint was not moot, the Warden would be entitled to summary judgment on Oxendine's complaint for the reasons articulated in the Report.